**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| TRANSAMERICA PREMIER LIFE INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. _____ |
| YVONNE VELA and CORINNA LIRA | § § § | |
| Defendants. | § § | |

**ORIGINAL COMPLAINT FOR INTERPLEADER**

In accordance with Federal Rule of Civil Procedure 22 and 28 U.S.C. § 1335, Transamerica Premier Life Insurance Company, as the successor in interest to Peoples Benefit Life Insurance Company ("Transamerica"), files this original complaint for interpleader seeking protection from two adverse claims to the proceeds of a life insurance policy insuring the life of Rene Ramos, deceased.

**PARTIES**

1.      Transamerica is an Iowa corporation with its principal place of business in Cedar Rapids, Iowa.

2.      Yvonne Vela, formerly known as Yvonne Ramos, is an individual domiciled in Texas. She may be served with process at 308 E. Henderson Street, Bishop, Texas 78343, or any other place where she may be found.

3.      Corinna Lira is an individual domiciled in Texas. She may be served with process at 401 E. Nettie Avenue, Kingsville, Texas 78363, or any other place where she may be found.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1335 because it involves a dispute between two or more adverse claimants of diverse citizenship, who are claiming entitlement to life insurance proceeds in excess of $500.

5.      This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

6.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in Nueces County, Texas. Venue is also proper in this judicial district under 28 U.S.C. § 1397 because one or more of the defendants resides in Nueces County, Texas.

## FACTS

7.      On August 18, 2003, Rene Ramos ("Ramos") applied for a term life insurance policy with Transamerica's predecessor in interest, People's Benefit Life Insurance Company. Ramos sought coverage for himself in the amount of $100,000 and for his three children, Selina R. Ramos, Emily A. Ramos, and Renee Ramos Jr., in the amounts of $25,000 each. On his enrollment form, Ramos identified Gloria Maria Ramos as his wife and designated her as the beneficiary of the policy. On September 3, 2003, Transamerica approved Ramos' application and issued him policy numbered 012887979 (the "Policy"), which was a twenty year, term life insurance policy with a $100,000 death benefit.

8.      On June 17, 2015, Ramos made a beneficiary change request to name Defendant Yvonne Vela ("Vela"), his new wife, as the beneficiary of his policy and his sister, Corinna Lira ("Lira"), as the contingent beneficiary. On June 23, 2015, Transamerica acknowledged this change in beneficiaries.

9.      On April 7, 2019, Ramos died as a result of an auto accident in Corpus Christi, Texas. The policy documents provide that in the event of the insured's death, the proceeds of the policy are payable to the named beneficiary. Accordingly, Transamerica provided a claim form to Vela who submitted it to Transamerica via email on June 6, 2019, along with a copy of the final decree of divorce for her marriage to Ramos. Although, Vela stated in her email that her divorce with Ramos was finalized on May 15, 2019, she identified herself as Ramos' wife on the claim form she submitted.

10.      In the meantime, Transamerica was contacted by Mr. Ramos' daughter, Selina Ramos, who informed Transamerica that her father was divorced from Vela at the time of Mr. Ramos' death.  Upon review of the materials provided by Selina Ramos and Vela it was discovered that Mr. Ramos and Vela were in the midst of a divorce at the time of his death.  In any event, Selina Ramos contested Vela as the surviving widow of Mr. Ramos and asked that the policy benefits not be paid to her.

11.      Transamerica undertook an investigation of the competing claims, which included contacting Vela's divorce attorney who advised that Vela's divorce from Mr. Ramos was considered final at the time of his death.  Vela, however, disputed this and emailed a statement to Transamerica in which she stated that she had not signed the final divorce decree and was still contesting her divorce when Mr. Ramos died.

12.      Then, on June 18, 2019, Defendant Corinna Lira ("Lira") provided Transamerica with a statement also contesting Vela's claim. Lira argued that Ramos had divorced Vela at the time of Mr. Ramos' death and had contacted Transamerica via telephone before his death to change the beneficiary on the Policy but had not sent in any paperwork for the change due to his untimely death.

13.     In light of the conflicting claims to the proceeds of the Policy, Transamerica sent separate letters to Vela and Lira advising each of them that they might have a claim to the proceeds.  Transamerica further informed both Vela and Lira that if they could not come to an agreement as to how the death benefit would be distributed, Transamerica would have no choice but to initiate an interpleader action.

14.     Both Lira and Vera contacted Transamerica separately on August of 2019 to state that they could not come to an agreement as to payment of the Policy's proceeds and that they wanted the courts to decide the matter.  Therefore, Transamerica files this interpleader action.

## INTERPLEADER RELIEF

15.     Rule 22 provides that "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22(a).  Similarly, 28 U.S.C. § 1335 authorizes the filing of an interpleader action when a person in possession of money with a value of $500 or more is placed on notice for two or more adverse claims to the funds.

16.     As shown above, Transamerica has been placed on notice of two potentially adverse claimants to the proceeds of the policy. One of the claimants, Vela, was originally identified as Ramos' wife and designated as the primary beneficiary of the policy. She would certainly be entitled to the Policy's death benefit if she were still married to Mr. Ramos. However, Vela and Mr. Ramos were in the midst of divorce proceedings at the time of his death and the District Court in the 148th Judicial District in Nueces County, Texas, subsequently issued a final decree of divorce for Vela's marriage to Ramos. Despite this, Vela argues that the divorce was not effective at the time of Mr. Ramos' death because the divorce decree had not yet been signed and she was still contesting the divorce. On the other hand, Lira believes that as the contingent beneficiary on the policy she is the correct payee because she argues Vela's divorce

from Mr. Ramos was legally effective at the time of his death thereby eliminating Vela's entitlement to the Policy proceeds.

17.     Both Vela and Lira arguably have colorable claims to the proceeds under Texas law and both have asked that the Policy proceeds be paid to them. Consequently, Transamerica has a real and reasonable fear of the possibility of double or multiple liabilities with respect to payment of the policy proceeds. Based on the conflicting information provided, Transamerica cannot determine whether Vela or Lira (or some other person) is the proper recipient of the proceeds.

18.     Transamerica has been willing at all times to deliver the amount of the proceeds to the person or persons who are entitled to receive them. Transamerica is an innocent stakeholder and has not colluded with either defendant concerning the matters at issue in this case. Transamerica has not been and will not be indemnified in any manner by either defendant. Rather, Transamerica is filing this interpleader of its own free will to avoid double or multiple liability and unnecessary litigation and costs. Transamerica is unconditionally ready to deposit with the Court the available policy proceeds totaling $99,956.17 (the $100,000 death benefit less an unpaid premium of $43.83, which was owing at the time of Mr. Ramos' death) and hereby offers to deposit this amount into the registry of the Court pending final judgment in this case.

19.     Transamerica further requests that it be discharged and released of any and all responsibility and liability to defendants and any other person or entity claiming a right or interest in the benefits under the policy or otherwise with respect to the policy and its proceeds.

## ATTORNEYS' FEES AND COSTS

20.     Because of the potentially adverse claims of defendants, Transamerica has had to incur reasonable and necessary attorneys' fees and expenses in bringing this action.

Transamerica alleges that it is entitled to recover reasonable attorneys' fees, costs, and expenses incurred as a result of the necessity of these proceedings. *See, e.g., Perkins State Bank v. Connolly,* 632 F.2d 1306, 1311 (5th Cir.1980).

## CONCLUSION

21.     Transamerica requests that each of defendants be cited to appear and answer herein, presenting their respective claims to the policy proceeds, and that Transamerica receive judgment as follows:

(a)     Transamerica is released and discharged from any and all liability to defendants and any other person or entity claiming ownership or an interest in the policy benefits or otherwise with respect to the policy or policy proceeds;

(b)     Transamerica have and recover its reasonable attorneys' fees, together with all costs of court and expenses incurred in this suit, with all such fees, costs, and expenses to be paid out of the interpled funds before any award to the prevailing defendant; and

(c)     any other relief to which Transamerica is justly entitled.

Respectfully submitted,

*   /s/ Jason R. Bernhardt*
Jason R. Bernhardt
State Bar No. 24045488
**WINSTEAD PC**
600 Travis, Suite 5200
Houston, Texas 77002
(713) 650-8400 phone
(713) 650-2400 fax
jbernhardt@winstead.com

**ATTORNEY FOR PLAINTIFF
TRANSAMERICA PREMIER LIFE
INSURANCE COMPANY**